# EAGERTON v STATE OF FLORIDA
## Case No. 87-90009-AP
Fourth Judicial Circuit, Duval County

October 27, 1987

## APPEARANCES OF COUNSEL

**S. Perry Penland, Jr.** for appellant.

**Kenneth O. Boston** Assistant State Attorney, for appellee.

## OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

The issue is whether the trial court erred by failing to conduct a *Richardson* inquiry. *Richardson v State*, 246 So.2d 771 (Fla. 1971). In the facts of this case there was a waiver of any *Richardson* requirement and the lower court is affirmed.

An eyewitness appeared for trial whose location and address were unknown to defense counsel. Efforts to subpoena the witness at the address provided by the State had been unsuccessful and inquiry of

other witnesses at their depositions indicated that this witness had left the state and was unavailable for trial.

After selection of the jury and prior to presentation of evidence, defense counsel learned of the appearance of the eyewitness. The Court was informed and provided counsel the opportunity during lunch hour to talk with the witness before he took the stand. Such interview was conducted. Upon resumption of the trial and inquiry by the Court, defense counsel responded "Done everything I needed to do with him. Ready to proceed." TR. 135.

Appellant now asserts that defense counsel was simply accepting the earlier ruling of the Court that he was limited to talking with the witness prior to his being called to the stand. Recognizing that there is a fine line between accepting an adverse ruling by the Court and proceeding pursuant to that ruling while maintaining an objection and a waiver of a prior objection, the reply of counsel after interviewing the witness is clear that no other inquiry was required.

In this case, it would have been preferable to determine at the outset how the State procured the presence of this witness, whether the State violated discovery rules, and, if so, if such actions were wilful and calculated. Also a determination of what, if anything, counsel needed to do differently in or in addition to the preparation of the case is appropriate. After such *Richardson* inquiry, the Court then could decide which of several options are appropriate. Options may include time to talk to a witness and decide if a deposition or other discovery or reevaluation of the case is required.

In this case, the Court upon being apprised of the witness simply said that defense counsel should talk with the witness. After that interview, defense counsel clearly indicated that he was ready to proceed. At that time, the trial court was entitled to rely on counsel that a brief continuance or other relief was not sought. This action waived any *Richardson* requirement.

The record is devoid of how and why this witness appeared for trial when his whereabouts were unknown for a substantial time. It is noted that it would have been helpful if the State had explained the sudden appearance of the witness in relation to the discovery rules. In this case, the trial court instinctively provided defense an opportunity to determine if testimony of the witness should be excluded or limited or if more time was needed to prepare for trial because of this witness. Defense counsel elected to proceed with the trial. Since counsel had been provided a sworn statement of the witness previously and the

134

witness testified to the same facts at trial, it appears clear that counsel felt a delay or further discovery would be of no benefit to the Defendant.

The trial court is AFFIRMED.